UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LUBENA LORENZO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DURHAM & DURHAM, LLP,<br><br>Defendant. | Civil Action No.:<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Lubena Lorenzo ("Plaintiff") brings this action against Defendant Durham & Durham, LLP ("Defendant" or "Durham") both on an individual basis, and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

**PRELIMINARY STATEMENT**

1.  In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA by making a representation that would be deceptive or misleading to the least sophisticated recipient of the letter, who is presumed to have only a "rudimentary amount of information about the world." *See id.* at 1201.

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Florida and is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

7. On information and belief, Defendant's principal place of business is located at 5665 New Northside Drive, Suite 510, Atlanta, Georgia 30328, and Defendant may be served process upon Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The class consists of:

   a. all persons whom Defendants' records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form as the letter sent to Plaintiff on or about December 10, 2019;

   b. which letter contained the statement "Final Notice – Settlement Offer";

   c. that further stated "[t]he opportunity to take advantage of this settlement offer will expire thirty days from the date of this letter"; and

   d. which omitted any language to suggest that the settlement offer may be renewed; and

   e. which was sent on or after a date one (1) year prior to the filing of this action.

12. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

13. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether

       Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

14. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

**STATEMENT OF FACTS**

16. Some time prior to December 10, 2019, an obligation was allegedly incurred by Plaintiff to Lehigh Physician Services.

17. This obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Lehigh Physician Services obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. Lehigh Physician Services is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. At a time known only to Defendant, Lehigh Physician Services, directly or through an intermediary, contracted Defendant to collect on the debt.

23. In its effort to collect on the Lehigh Physician Services obligation, Defendant contacted Plaintiff by written correspondence on December 10, 2019. *See* Exhibit A.

24. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The collection letter (the "Letter") sent to Plaintiff states "FINAL NOTICE – SETTLEMENT OFFER" in bold font, centered above the body of the letter.

27. The Letter further states in pertinent part: "The opportunity to take advantage of this settlement offer will expire thirty days from the date of this letter."

28. The Letter contains no reference to the possibility of this offer being renewed at a future date.

29. The Letter contains no reference to the possibility of any settlement offer of any kind being offered to Plaintiff after thirty (30) days of the Letter.

30. In fact, debt collectors are naturally averse to initiating actual collection proceedings for relatively minor sums, and commonly renew their offer if the consumer fails to accept it.

31. The least sophisticated consumer would not be aware that there is a renewal possibility.

32. The least sophisticated consumer would not realize that Defendant would be willing to settle the debt on the same or similar terms after the expiration of the aforementioned thirty (30) day period.

33. The least sophisticated consumer would in fact have received a false impression of her options, imparting a false sense of urgency.

34. Congress adopted the provisions of section 1692e(5) with the stated intent to prohibit debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

35. Defendant's arbitrary thirty (30) day deadline is a threat that Defendant will refuse to honor the terms of the offered settlement after the expiration of that deadline. Such a refusal is an action that Defendant does not intend to take, given that Defendant is authorized, and upon information and belief, would be willing to accept the proffered settlement at any time.

36. Statements that a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because

the same offer is, upon information and belief, available at any time.

37. Such false statements are materially false statements, as they impart on the least sophisticated consumer a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

38. Defendant's conduct created the risk that the Plaintiff would perceive Defendant's statement as a threat to take further action on the account after expiration of the thirty (30) day deadline.

39. Defendant elected not to employ commonly used language that is ubiquitous on collection offers communicating offers of settlement such as "we are not obligated to renew this offer."

40. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a fiction.

41. The statement in Defendant's December 10, 2019 Letter is therefore false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

42. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA but neglected to do so and failed to adequately review its actions.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section by making a false and misleading representation in violation of § 1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 2, 2020  **COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
Florida Bar No. 119968


_/s/ Yosef Steinmetz_
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*